UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JOSE TRINIDAD MARTINEZ SANTOYO,<br><br>Defendant. | No. 2:21–mj–125–KJN<br><br>ORDER DENYING REQUEST TO SEAL, GRANTING REQUEST FOR REDACTION<br><br>(ECF No. 17.) |
|---|---|

On June 13, 2022, the Government filed a request to seal documents related to Defendant Santoyo's bail review proceedings and submitted them for in camera review. (ECF No. 17.) Santoyo generally opposed, having not seen the documents. (ECF No. 18.) The court reviewed the documents and indicated it was inclined to order them produced to Santoyo and published on the docket, but with certain portions redacted. (ECF No. 19.) The court ordered further response from the Government. (Id.) The Government concurred with the court's proposed redactions, but requested additional redactions as supported by relevant case law. (ECF No. 20.)

For the reasons that follow, the Government's request to redact certain portions of the declaration and related motion is GRANTED.

///

///

///

1

**Legal Standards**

Eastern District Local Rule 141.1(a)(1) commands that "[a]ll information provided to the Court in a specific action is presumptively public . . . ." This is because "the party seeking access is entitled to a presumption of entitlement to disclosure." Oregonian Publ'g Co. v. United States Dist. Court, 920 F.2d 1462, 1467 (9th Cir. 1990). The party that seeks to seal a document carries the burden "to present facts supporting closure and to demonstrate that available alternatives will not protect [its] rights." Id. Courts may "consider alternatives to closure that might protect [the movant's] interests," which can include "redacting sensitive information." Oregonian, 920 F.2d at 1467 n.1; United States v. Bus. of Custer Battlefield Museum and Store, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011).

**Analysis**

As part of its motion opposing pre-extradition release, the Government stated at the June 10th hearing that it had in its possession a declaration from a law enforcement officer explaining the delay between when the Government filed the complaint in August of 2021 and when Santoyo was arrested in May of 2022. The Government stated it could turn over the declaration, but with a related motion requesting sealing from Santoyo and the public, as the two documents allegedly contained sensitive information not for public dissemination or for Santoyo's eyes. After reviewing the documents, the court indicated the Government had not met its burden to have the documents sealed in their entirety, but found it may be appropriate to redact certain lines in the declaration and motion. The Government concurred in a supplemental filing, and requested limited further redaction, providing authorities for each specific request.

The court finds the following authorities relevant and persuasive regarding redaction. Rovario v. U.S., 353 U.S. 53, 59 (1957) (noting the government has a privilege to withhold from disclosure "the identity of persons who furnish information of violations of law to officers charged with enforcement of that law"); Schiffer v. FBI, 78 F.3d 1405, 1410 (9th Cir. 1996) (stating that persons named in investigative files have "strong interest in not being associated unwarrantedly with alleged criminal activity") (citations omitted).

///

The court orders publication of the declaration, motion, and supplemental brief with the following redactions:

- <u>USMS Declaration</u> – Par. 4, portions of line 11 and 13-14; Par. 7, full sentence on lines 4-6; Par. 8 in its entirety; Par. 9, a portion of lines 14-15; Par. 10 in its entirety.
- <u>Government's initial request to seal, dated June 13, 2022</u> – Page 1, lines 23 and 27-28; and Page 2, lines 1 and 14.

Further, because the rationale for redacting portions of the declaration only apply to public dissemination, the court orders a second copy of the declaration be provided to Santoyo, with only the following lines redacted: Par. 7, full sentence on lines 4-6; Par. 8 in its entirety; and Par. 10 in its entirety.

Finally, for posterity, the court orders that an unredacted copy of each of the Government's documents be filed as a single sealed event on the docket, accessible only to the court and Government.

Dated:  June 23, 2022

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, sant.125