UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:22-cr-00141-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| JOSE TRINIDAD MARTINEZ SANTOYO, | |
| Defendant. | |

   This matter is before the Court on the Government's November 4, 2022, motion to stay the Court's order granting Jose Trinidad Martinez Santoyo ("Mr. Martinez Santoyo") bail pending extradition proceedings.[1]  (ECF No. 38.)  The instant Order follows the Court's November 4, 2022, minute order denying the Government's motion.  (ECF No. 39.)  For the reasons set forth below, the Government's motion for a stay of this Court's order granting bail is DENIED.

///

///

///

---

[1] For purposes of this Order, the Court will cite any documents from *United States v. Jose Trinidad Martinez Santoyo*, 21-mj-125-KJN, that do not appear on the docket 22-cr-00141-TLN, in the following format: "MJ ECF No."

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**[2]

2         On November 2, 2022, the Court reversed the magistrate judge's denial of bail, granted

3    Mr. Martinez Santoyo bail pending his extradition proceeding, and referred the matter to the

4    magistrate judge to set conditions of release.  (ECF No. 37.)  That same day, the magistrate judge

5    set a status conference regarding release conditions for 2 p.m. on November 4, 2022.  (MJ ECF

6    No. 40).  On November 4, 2022, at 1:19 p.m., just forty-one minutes before the scheduled status

7    conference, the Government filed the instant motion to stay the Court's order granting bond.

8    (ECF No. 38.)  The Court issued a minute order denying the Government's motion, and the status

9    conference proceeded before the magistrate judge.  (ECF No. 38; MJ ECF No. 41.)

10   **II.    DISCUSSION**

11        The Government's motion to stay appears to raise three arguments: (1) the Government is

12   and has been prepared to proceed with the extradition hearing; (2) Mr. Martinez Santoyo was

13   properly detained pursuant to Article 11 of the Treaty because all Article 10 documents were

14   received; and (3) the Government will succeed on the merits of the extradition proceedings and

15   the pending motion to compel, noting the Government will seek to expedite all future

16   proceedings.[3]  (ECF No. 38.)  None of these arguments justify a stay of the Court's order granting

17   Mr. Martinez Santoyo bail.

18        The Court found two special circumstances present that entitle Mr. Martinez Santoyo to

19   bail: (1) anticipated length and delay of extradition proceedings; and (2) lack of diplomatic

20   urgency.  (ECF No. 37 at 8–13.)  The Court further found that Mr. Martinez Santoyo was not a

21   risk of flight or a danger to the community.  (*Id*. at 13–14.)  The arguments advanced by the

22   Government neither address nor justify a modification of these findings.

23        As to the Government's first argument, the fact that the Government is and has been

24   prepared to proceed with the extradition hearing does not warrant a stay of the Court's order.  The

---

25   [2]    The Court adopts by reference the factual and procedural background outlined in its
26   November 2, 2022, order granting Mr. Martinez Santoyo bond pending extradition proceedings.
     (ECF No. 37.)

27   [3]    The Court refers to the Extradition Treaty Signed at Mexico City May 4, 1978, Mex.-U.S.,
28   art. 11, May 4, 1978, 31 U.S.T. (entered into force Jan. 25, 1980) as the "Treaty."

1    Government's readiness to proceed with the extradition hearing does not change the Court's

2    findings that the anticipated length of the proceedings and the ongoing delay constitute a special

3    circumstance.  Despite the Government's apparent preparedness, there has been significant and

4    ongoing delay in this case, and it does not appear the issue of extradition will be resolved soon.

5    Further, the fact that the Government can proceed with the extradition proceeding bears no

6    relation to the special circumstance of lack of diplomatic urgency.

7          The Government's second argument relates exclusively to the propriety of Mr. Martinez

8    Santoyo's detention under Article 11 of the Treaty.  The Government argues because the Mexican

9    Government provided all required material pursuant to Article 10 of the Treaty within the 60-day

10   period outlined in Article 11, this Court should stay its release order.  (ECF No. 38 at 1–2, ECF

11   No. 38-1.)  This fact, however, has no effect on the Court's finding of special circumstances.

12   Indeed, the Court addressed this possibility in its order, stating "even assuming the extradition

13   packet received by the Government from the Government of Mexico contains all required

14   documents, the fact that such extradition packet has yet to be filed only highlights the delay in

15   this case."  (ECF No. 37 at 10.)  In other words, the Court's determination of special

16   circumstances was not premised upon compliance with Article 11.  The fact that the Court could

17   not readily determine compliance with Article 11 was demonstrative of ongoing delay, but

18   compliance with Article 11 does not eliminate the delay or otherwise affect the Court's special

19   circumstance determinations.  The delay and anticipated length of the extradition proceedings

20   exists regardless of whether Mr. Martinez Santoyo is properly detained pursuant to Article 11 of

21   the Treaty.  Additionally, the fact that Mr. Martinez Santoyo was properly detained under Article

22   11 bears no effect on the Court's determination of lack of diplomatic urgency.

23         The Government's final argument relates to the merits of the extradition proceeding, the

24   pending motion to compel, and the Government's intent to expedite proceedings in this case.

25   This argument too is unavailing.  The Court explicitly did not find success on the merits as a

26   special circumstance warranting bail (*Id*. at 11–12), and the merits of the pending motion to

27   compel have no effect on either special circumstance found by the Court.  Though the Court

28   accepts the Government's position that it intends to expedite proceedings in this case, post hoc

3

1    acceleration of the proceedings does not eliminate the delay that has occurred or the inevitable

2    delay that continues to occur due to discovery issues and challenges to extradition.  The

3    Government's intent to expedite proceedings also has no effect on the Court's determination of

4    lack of diplomatic urgency.

5         **III.    CONCLUSION**

6              For the foregoing reasons the Government's motion to stay the Court's November 2,

7    2022, order granting Mr. Martinez Santoyo bail is DENIED.  (ECF No. 38.)

8              IT IS SO ORDERED.

9    **DATED:  November 10, 2022**

10

11                                                        _____

12                                                        Troy L. Nunley
                                                          United States District Judge