1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,

12                 Plaintiff,                              No. 2:22-cr-00141-TLN

13

14         v.                                             **ORDER**

15    JOSE TRINIDAD MARTINEZ
      SANTOYO,

16
                     Defendant.
17

18

19         This matter is before the Court on the Government's Motion to Revoke Defendant Jose

20    Trinidad Martinez Santoyo's ("Defendant") Release on Bail.  (ECF No. 43.)  The Motion is fully

21    briefed.[1]  (ECF Nos. 45, 46.)  For the reasons set forth below, the Government's Motion is

22    DENIED.

23    ///

24    ///

25    ///

26    ///

27    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28    [1]    Without leave of Court, Defendant also filed a sur-reply.  (ECF No. 47.)  Finding no
      prejudice to the Government, the Court exercised its discretion and considered the sur-reply.

                                              1

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2        The instant action arises from the Mexican Government's request for Defendant's

3    extradition to stand trial for aggravated homicide charges.  On August 9, 2021, the Government

4    filed a Complaint under 18 U.S.C. § 3184 with a view towards extradition and obtained a

5    provisional arrest warrant.  (ECF Nos. 1, 2.)  Defendant was arrested on May 12, 2022, and

6    remanded into custody pending further extradition proceedings.  (ECF No. 9, 10.)  On June 1,

7    2022, Defendant filed a Motion for Bail Review, which the assigned magistrate judge denied.

8    (ECF Nos. 12, 20.)  Defendant appealed the order, and on November 2, 2022, this Court reversed

9    the magistrate judge's detention order and granted Defendant's motion for bail.  (ECF Nos. 21,

10    37.)

11        A few months later, the magistrate judge certified Defendant's extraditability to the

12    Secretary of State pursuant to 18 U.S.C. § 3184.  Extradition Order, *United States v. Santoyo*, No.

13    2:21-mj-00125-KJN (E.D. Cal. Feb. 24, 2023), ECF No. 55.  Defendant filed a petition for a writ

14    of habeas corpus, challenging this order, which the court denied.  Petition, *Santoyo v. Boyden*,

15    No. 2:23-cv-00447-DJC-JDP (E.D. Cal. Mar. 10, 2023), ECF No. 1; Denial Order, *Santoyo v.*

16    *Boyden*, No. 2:23-cv-00447-DJC-JDP, ECF No. 19.  Defendant appealed.  Appeal, *Santoyo v.*

17    *Boyden*, No. 2:23-cv-00447-DJC-JDP, ECF No. 21.  The Ninth Circuit subsequently upheld the

18    district court's decision to deny the petition.  USCA Opinion, *Santoyo v. Boyden*, No. 2:23-cv-

19    00447-DJC-JDP, ECF No. 34.  The mandate subsequently issued on May 22, 2025.  USCA

20    Mandate, *Santoyo v. Boyden*, No. 2:23-cv-00447-DJC-JDP, ECF No. 36.  On June 5, 2025,

21    Defendant filed a petition for certiorari with the Supreme Court.  (ECF No. 43 at 3.)  The next

22    day, the Government filed the instant motion to revoke bail and remand Defendant into custody.

23    (*Id.*)

24    **II.    STANDARD OF LAW**

25        In extradition proceedings, there is a presumption against bail.  *Salerno v. United States*,

26    878 F.2d 317, 317 (9th Cir. 1989).  However, "special circumstances" may justify granting bail

27    both before and after certification of extraditability.  *See id.* (applying special circumstances test

28    to bail application following certificate of extraditability); *Matter of Extradition of Blasko*

1   (*Blasko*), No. 1:17-MC-00067-DAD-SAB, 2019 WL 498986, at \*4 (E.D. Cal. Feb. 8, 2019)

2   (finding the court has authority to release an individual on bail after certification of

3   extraditability); *In re Kapoor*, No. 11-M-456 RML, 2012 WL 2374195, at \*3 (E.D.N.Y. June 22,

4   2012) (noting this question regarding when bail is allowed in extradition cases is "well-settled").

5   As this Court previously articulated, special circumstances are not readily defined.  (ECF No. 37

6   at 7.)  Rather, district courts must make a case-specific determination whether, based on the

7   totality of the circumstances, special circumstances exist to justify bail in the extradition context.

8   (*Id.* (citing *In re Extradition of Beresford-Redman*, 753 F. Supp. 2d 1078, 1087 (C.D. Cal. 2010).)

9   Examples of special circumstances include but are not limited to: (1) "the raising of substantial

10  claims upon which the [individual] has a high probability of success"; (2) "a serious deterioration

11  of health while incarcerated"; and (3) "unusual delay in the appeal process."  (*Id.* (quoting

12  *Salerno*, 878 F.2d at 317).)  The Court also looks to an individual's flight risk, failure to appear,

13  and danger to the community when making its determination.  (*Id.* (citing *In re Extradition of*

14  *Santos*, 473 F. Supp. 2d 1030, 1035 (C.D. Cal. 2006).)  Ultimately, it is up to the discretion of the

15  trial judge to determine whether special circumstances exist.  (*Id.* (internal citations omitted).)

16       **III.    ANALYSIS**

17       The Government argues Defendant's release on bail should be revoked because: (1)

18  Defendant's extradition is now imminent; and (2) given the change in circumstances, Defendant's

19  incentive to flee has now increased.[2]  (ECF No. 43 at 6–8.)  The Court considers these arguments

20  in turn.

21            A.     Imminence

22       First, the Government argues that because the Ninth Circuit has now fully resolved

23  Defendant's habeas petition appeal, Defendant's extradition "is now imminent."  (*Id.* at 6.)

24  According to the Government, the Court "should" order Defendant back into custody "to ensure

25

26  [2]      The Government also argues Defendant's pending petition for certiorari does not pose an
    impediment to returning him to custody because his likelihood of success on the merits are so
27  low.  (ECF No. 43 at 7–8.)  Defendant does not respond to this argument in opposition.  (*See*
    *generally* ECF No. 45.)  Because the Court ultimately finds Defendant is entitled to remain on
28  bail due to special circumstances which remain present, the Court does not address this argument.

1    he will be available for the transfer of custody" and thereby show the international community

2    that the United States is a country that "honors its agreements[.]" (*Id.* at 6–7.)  In opposition,

3    Defendant does not explicitly respond to the Government's imminence argument but rather

4    generally argues it is possible the Secretary of State may not extradite him.  (ECF No. 45 at 1–2.)

5    In so doing, Defendant discusses issues surrounding his extradition that he has raised with the

6    Secretary of State, including his request for protection under the Convention Against Torture.[3]

7    (*Id.*)  In reply, the Government argues the fact the Secretary of State has not yet made a decision

8    on Defendant's extradition "is not a reason to avoid" remanding Defendant back into custody.

9    (ECF No. 46 at 2.)

10          The Court finds the Government's argument that Defendant needs to be remanded into

11    custody given the imminency of his extradition unavailing.  To support its argument, the

12    Government cites *Matter of Extradition of Ricardo Alberto Martinelli Berrocal* (*Berrocal*), a

13    Southern District of Florida case where the court found special circumstances did not warrant

14    providing the defendant bail.  263 F. Supp. 3d 1280, 1284 (S.D. Fla. 2017).  However, the

15    Government provides no meaningful analysis explaining how this case supports its position.  (*See*

16    *generally* ECF No. 43 at 6–7.)  Upon review, the Court finds *Berrocal* distinguishable from the

17    instant matter.  Here, unlike in *Berrocal*, this Court has already found two special circumstances –

18    – (1) delay in the extradition proceedings and (2) lack of diplomatic urgency — warranted

19    releasing Defendant on bail.  (ECF No. 37.)

20          To the extent the Government's imminence argument is an attempt to demonstrate how

21    these special circumstances have changed and no longer justify Defendant's release, the Court is

22    unconvinced.  While the extradition proceedings have progressed, and a certification of

23    extraditability has been issued, it is unclear how long it will take the Secretary of State to reach a

24    decision about Defendant's extradition and the Government provides no anticipated deadline.  *See*

25    ——————————

      [3]      The Court notes the question before the Court is whether to revoke Defendant's release on
26    bail — not whether Defendant will ultimately be extradited to Mexico.  As the Government notes,
      whether Defendant will be surrendered to Mexico is a question reserved for the Secretary of State
27    under 18 U.S.C. § 3186.  (ECF No. 46 at 3 n.1.)  Despite this, much of Defendant's argument in
      opposition appears focused on why Defendant should not be extradited.  (*See generally* ECF No.
28    45.)  The Court disregards these arguments for the purposes of this Order.

                                                    4

1    Extradition Order, *Santoyo*, No. 2:21-mj-00125-KJN (E.D. Cal. Feb. 24, 2023), ECF No. 55.

2    Moreover, Defendant has already served over five months in custody during these extradition

3    proceedings which have been considerably delayed.  (ECF No. 37 at 10.)  As this Court noted in

4    its prior Order, this custodial period falls far above the 60-day provisional arrest period

5    contemplated under the U.S.-Mexico Extradition Treaty and the two-month detention period

6    presumed under 18 U.S.C. § 3188, which governs the time of commitment pending extradition.

7    (*Id.* (citing Extradition Treaty Signed at Mexico City May 4, 1978, Mex.-U.S., art. 11, May 4,

8    1978, 31 U.S.T. (entered into force Jan. 25, 1980); 18 U.S.C. § 3188).)  Given the uncertainty

9    surrounding the time it will take for the Secretary of State to make a decision about Defendant's

10    extradition and considering the time Defendant has already served, the Court finds the

11    Government's argument that Defendant should be remanded into custody because his extradition

12    is "imminent" falls short.  (ECF No. 43 at 6–7.)  Additionally, nothing in the record demonstrates

13    a change regarding the lack of diplomatic urgency.  As such, the Court finds its prior analysis still

14    stands and special circumstances still exist to warrant Defendant's release on bail.  (*Id.* at 12–13;

15    *see also Blasko*, 2019 WL 498986, at *8 (upholding release on bail and finding prior conclusion

16    regarding lack of diplomatic urgency remained unchanged following certification of

17    extraditability).

18                      B.        Flight Risk

19         Finally, the Government argues that given Defendant's options to prevent his extradition

20    have narrowed, his incentive to flee has increased.  (ECF No. 43 at 8.)  The Government does not

21    argue Defendant poses a danger to the community.  In opposition, Defendant argues he has

22    perfectly complied with all bail conditions and has attended every court hearing in this matter.

23    (ECF No. 45 at 1, 9.)  Defendant further states "[i]f and when the Secretary of State issues a

24    surrender warrant" he "will self-surrender to the Marshals Office on that warrant."  (*Id.* at 9.)  In

25    reply, the Government does not contest Defendant's assertion that he has maintained perfect

26    compliance with his bail conditions, but instead reiterates that Defendant's incentive to flee has

27    increased in light of the fact that his extradition has now been judicially certified.  (ECF No. 46 at

28    2–3.)

1    Defendant was released on bail subject to probation supervision and various conditions.

2    Release Hearing Minutes, *United States v. Santoyo*, No. 2:21-mj-00125-KJN (E.D. Cal. Feb. 24,

3    2023), ECF No. 41.  It is undisputed that Defendant has perfectly complied with those conditions.

4    (*Id.*)  Additionally, Defendant has been released on bail since November 2022 and has appeared

5    at all court hearings.  (*Id.*; ECF No. 45 at 9.)  While it is true that Defendant's options to contest

6    his extradition have narrowed, the Government has provided no evidence or argument that

7    Defendant has failed to comply with the terms of his release or that those terms are now

8    insufficient to mitigate any new flight risk posed.  Without more, the Court finds the

9    Government's speculation alone does not warrant remanding Defendant into custody.  *Matter of*

10    *Rory McGrath*, No. 21 MJ 5058 (PED), 2021 WL 5983127, at \*6 (S.D.N.Y. Dec. 15, 2021)

11    (finding defendant's "flawless compliance with strict bail conditions" supported the decision to

12    deny the Government's motion to remand defendant into custody); *Matter of Extradition of*

13    *Manrique*, No. 19-MJ-71055MAG1TSH, 2021 WL 5037680, at \*4 (N.D. Cal. Oct. 29, 2021)

14    (finding similarly); *Blasko*, 2019 WL 498986, at \*9 (noting "the Government has provided no

15    evidence that [defendant] has failed to comply with his terms of release or set forth any evidence

16    or non-speculative argument that [defendant] is likely to flee now that extradition has been

17    certified").

18    **IV.    CONCLUSION**

19    For the foregoing reasons, the Government's Motion to Revoke Bail (ECF No. 43) is

20    DENIED.  The Government may apply for a remand order in case number 2:21-mj-00125-KJN

21    when and if the Secretary of State determines Defendant should be surrendered to Mexico.

22    IT IS SO ORDERED.

23    Date: June 30, 2025

24

25    _____
      TROY L. NUNLEY

26    CHIEF UNITED STATES DISTRICT JUDGE

27

28